ROBERTSON, Judge
(dissenting).
I respectfully dissent.
The City concedes that the period during which Thompson could have filed an appeal extended to November 30, 1987. On November 23, 1987, Thompson filed a petition for appeal in the Lauderdale County Circuit Court.
Thompson also gave the clerk’s office five copies of his petition for appeal. Each copy had typed on it the name of the individual to whom it was to be delivered, and Thompson requested that copies of the petition be served on the city, the city attorney, and on each of the members of the board.
At that time Thompson asked the representative of the clerk’s office if there was anything else he needed to do to perfect his appeal. He was assured that the clerk’s office would take care of everything, including service or delivery of the copies of the appeal upon the City, the City Attorney, and the members of the Civil Service Board. He was told it would not be neces *435 sary for him to do anything further in regard to such service or delivery of copies.
The City was served on November 24th, City Attorney Musgrove was served on November 25, Board Member Jim Smith was served on December 1st, Board Member Jack Crocker was served on December 2nd, and Board Member John Hardeman on December 2nd.
Undisputedly, no member of the board received actual service prior to December 1, 1987, the day after the ten day period expired. The circuit court therefore held that Thompson’s appeal had not been properly “effected” and dismissed the appeal for lack of jurisdiction.
The Act places no time limitation on the service of notice upon the board member, nor upon the appellee. In addition, the portion of the Act which outlines how an appeal is to be “effected” makes no mention of any time limitation. Obviously, Thompson was required to serve a copy of the petition for appeal on a board member and upon the appellee in order to “effect” his appeal, but not within ten days from the Board’s decision regardless of the day, first or tenth, he filed his appeal in Circuit Court.
Further, in holding that Thompson timely “effected” his appeal, I, too, refer to Rule 5(b), Ala. Rules of Civil Procedure which provides that, if no address is known, service shall be made by leaving a copy with the clerk of the court, which Thompson did on November 23. The record reflects that Thompson knew the city attorney’s address, and that the city attorney received service of notice, through the sheriff’s department on November 25th, the same day it was received by the sheriff’s department. The record further reflects that Thompson did not know the addresses of the three board members in that the only address given for service to the board members was c/o City of Florence, Civil Service Board. These notices were also received by the Lauderdale County Sheriff’s Department on November 25th.
I think Thompson did everything legally necessary to properly effect his appeal for trial de novo in circuit court and should have been afforded that opportunity.
Therefore, I respectfully dissent.
As a distinguished Scottish jurist once said, “When law and common sense find themselves taking different roads, it is time for law to suspect she has missed the way.”